UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEONDROW R. HILL,**

    Plaintiff,

v.

**TRANSUNION, LLC**

    Defendant.

_____/

Case No. 8:25-cv-03006

**DEMAND FOR A JURY TRIAL**

## COMPLAINT

Plaintiff DEONDROW R. HILL ("Plaintiff"), by and through the undersigned, complains as to the conduct of TRANSUNION LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business within the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age and resides in Tampa, Florida.

5. Defendant is a consumer credit reporting agency that has engaged in global commerce for the last fifty years.[1] Defendant regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Florida. Defendant's registered agent is located at 251 Little Falls Drive, Wilmington, Delaware.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

---

[1] https://www.transunion.com/about-us

7. Prior to the conduct giving rise to these claims, Plaintiff incurred a consumer obligation ("subject debt") in connection with a personal line of credit which was eventually owed to and/or being collected upon by Prosper Marketplace, Inc. ("Prosper").

8. Due to the alleged harassing and unlawful nature of Prosper's collection efforts directed towards Plaintiff, Plaintiff initiated litigation against Prosper (the "prior litigation") in connection with such collection efforts.

9. The prior litigation was resolved through a settlement reached in approximately March of 2025, in connection with which Prosper was to waive the balance of the subject debt and remove any reporting of the subject debt from Plaintiff's credit reports.

10. Months later, Plaintiff discovered that Prosper failed to delete the subject debt from Plaintiff's credit reports as promised, and the subject debt remained on his credit report with a balance and derogatory marks.

11. As a result of the inaccurate and erroneous reporting, Plaintiff submitted a written credit dispute to Defendant along with all necessary and relevant information to determine that the subject debt was being inaccurately reported on or about May 19, 2025

12. Upon information and belief, Prosper received notice of Plaintiff's dispute within five days of Plaintiff initiating the dispute with Defendant. *See* 15 U.S.C. §1681i(a)(2).

13. Defendant failed to reasonably investigate and reply to Plaintiff's dispute. Despite the clarity with which the subject debt was being inaccurately reported on Plaintiff's credit report, and having more than enough information evincing the same, Defendant responded to Claimant's dispute by confirming the accuracy of the erroneous tradeline.

14. As such, despite having actual knowledge that the subject debt was being reported inaccurately after receiving Plaintiff's dispute, Defendant continued to allow the subject debt to be reported with the negative information and inaccurate balance that should have been completely removed from Plaintiff's credit file.

15. The reporting of the subject debt by the Defendant is patently inaccurate and materially misleading.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain

financing and/or credit opportunities, and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity. Plaintiff was further denied the benefit of his bargain in resolving the prior litigation.

18. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages, including out of pocket expenses, the maintenance of credit monitoring services for a monthly fee, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

19. Due to Defendant's conduct, Plaintiff was forced to retain counsel yet again to correct the inaccuracies in his TransUnion credit files.

## COUNT I – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff restates and realleges paragraphs 1 through 19.

21. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

22. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis." 15 U.S.C. §1681a(p).

23. At all times relevant, the above-referenced credit reports were defined as "consumer reports." 15 U.S.C. §1681a(d).

24. At all times relevant, Plaintiff is a "consumer." 15 U.S.C. §1681a(c).

25. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b).

26. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

27. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

28. Plaintiff provided Defendant with all relevant information in his request for investigation to reflect that the subject was being reported inaccurately.

29. Defendant responded to Plaintiff's dispute by confirming the accuracy of the reporting and continuing to report the subject debt in a knowingly inaccurate manner.

30. Despite such knowledge, Defendant nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information regarding Plaintiff and the subject debt.

31. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Defendant prepared patently false and materially misleading consumer reports concerning Plaintiff.

32. Defendant violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

33. Defendant violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Prosper. Upon information and belief, Defendant also failed to include all relevant information as part of the notice to Prosper regarding Plaintiff's dispute that Defendant received from Plaintiff.

34. Defendant violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

35. Defendant violated 15 U.S.C. §1681i(a)(5)(B) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

36. Defendant further violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Prosper that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

37. Defendant knew or reasonably should have known that the inaccurate reporting of the subject account in Plaintiff's credit files under the Prosper trade line would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing and/or credit opportunities.

38. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

39. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Defendant readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

40. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

41. It is Defendant's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

42. Defendant's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

43. Defendant has exhibited a pattern of refusing to correct errors in consumer credit files, despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

WHEREFORE, Plaintiff, DEONDROW R. HILL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices conducted by Defendant against Plaintiff are unlawful and violate the aforementioned statute;

b. An order directing Defendant to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate

**Plaintiff demands trial by jury.**

Dated: November 3, 2025                                  Respectfully Submitted,

*/s/Maxwell W. Brooks*
Maxwell W. Brooks, Esq.

                                        Counsel for Plaintiff
                                        Sulaiman Law Group, LTD.
                                        2500 S. Highland Avenue, Suite 200
                                        Lombard, Illinois 60148
                                        Telephone: (630) 568-5965
                                        Fax: (630) 575-8188
                                        mbrooks@atlaslawcenter.com